# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

KANOUTE ALADJI,                 :

    Petitioner,              :

vs.                             :        CA 06-0736-CG-C

ALBERTO GONZALES, etc.,         :
et al.,
                                :
    Respondents.

## REPORT AND RECOMMENDATION

On October 31, 2006, Kanoute Aladji, a native and citizen of Senegal, ordered removed from the United States, petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed as moot because petitioner is no longer in the custody of the United States Immigration and Customs Enforcement ("ICE") arm of the United States Department of Homeland Security, having been repatriated to his native country of Senegal.

**FINDINGS OF FACT**

1.     Aladji, a native and citizen of Senegal, entered the United States on February 8, 1992 as a B-2 non-immigrant visitor for pleasure. (*See* Doc. 9, Exhibit B) Petitioner's sole argument, in his habeas petition filed on October 31, 2006, was that his continued custody by ICE violated the provisions of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (*See* Doc. 1, at 4-5)[1] Petitioner sought immediate release from custody and an order from this Court enjoining the respondents from any further unlawful detention of his person. (*Id.* at 6)

2.     On February 3, 1998, an Immigration Judge denied Aladji's applications for asylum and for withholding of deportation. (Doc. 9, Exhibit C) The judge, however, did grant petitioner's application for voluntary departure until March 20, 1998. (*Id.*) Aladji timely appealed the Immigration Judge's decision; on June 7, 2002, the Board of Immigration Appeals ("BIA") affirmed, without opinion, the Immigration Judge's decision. (Doc. 9, Exhibit

---

[1] In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

D) "Pursuant to the Immigration Judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the alien is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director, and in the event of failure to depart, the alien shall be deported as provided in the Immigration Judge's order." (*Id*.)

    3.    On November 24, 2004, Aladji filed a motion to reconsider with the BIA; the Board denied the motion as untimely filed by *per curiam* order dated February 15, 2005. (Doc. 9, Exhibit E) Petitioner was taken into ICE custody on April 16, 2006. (Doc. 9, Exhibit B, at 2; *but cf.* Doc. 1, ¶ 6 ("Petitioner was first taken into custody on July 21, 2005[.]"))

    4.    Aladji was removed to Senegal on February 20, 2007, on a flight that originated from John F. Kennedy Airport in New York, New York. (Doc. 12, Declaration of Keith Cozine, at ¶ 3)

## **CONCLUSIONS OF LAW**

    1.    "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a

period reasonably necessary to secure removal." *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. *See id.*

   2. As recognized by the Eleventh Circuit, "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242.

> As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact. "dismissal is required because mootness is jurisdictional."

*Id.* (internal citations omitted).

3.     Several district courts have determined that once a § 2241 petitioner has been removed from the United States and deported to his native country his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." *Gauchier v. Davis*, 2002 WL 975434, *2 (E.D. La. 2002); *see Xing Hai Liu v. Ashcroft*, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); *Malainak v. Immigration & Naturalization Service*, 2002 WL 220061 (N.D. Tex. 2002) (§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.     This case is indistinguishable from the foregoing cases. Accordingly, this Court finds that Aladji's petition for writ of habeas corpus is now moot because there exists no active case or controversy. This Court can no longer order the federal respondents to immediately release petitioner from custody pending his removal to Senegal, in accordance with the specific request contained in the habeas corpus petition (*see* Doc. 3, 4, 5 & 6 ("Petitioner is a native and citizen of Senegal. Petitioner was first taken into custody on July 21, 2005, by The Department of Homeland Security, Bureau of Immigration Customs Enforcement and has refused to grant release on bond

because petitioner is believed to be and was found removable. . . . In Zadvydas v. Davis, 533 U.S. 678 (2001) and A. Neil Clark v. Benitez, 337 F.3d 1289 (2005), the Supreme [C]ourt held that DHS ha[s] [a] ninety-day[] statutory removal period and [a] six month[] presumptively reasonable period during which The Department of Homeland Security (INS) may detain aliens in order to effectuate their removal. . . . Petitioner's continued detention by Respondents violates 8 U.S.C. 1231(a)(6), as interpreted by the Supreme Court in Zadvydas & Benitez. [] Petitioner's ninety-day statutory removal period and six-month presumptively reasonable period for removal efforts both have passed. Respondents are unable to remove Petitioner to Senegal. . . . While Respondent[s] would have an interest in detaining Petitioner in order to effectuate removal[,] [t]hat interest does not justify the indefinite detention of Petitioner. . . . Petitioner prays that this court [will] . . . [g]rant Petitioner a writ of Habeas Corpus directing the Respondents to immediately release petitioner from custody.")), because Aladji has been repatriated to Senegal. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998). Dismissal of the instant petition

is required since mootness is jurisdictional.[2]

## CONCLUSION

The Magistrate Judge recommends that Kanoute Aladji's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 27th day of April, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Eleventh Circuit has recognized an exception to the mootness doctrine which the undersigned does not find applicable in the instant case.

> Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."

*Soliman*, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original). There is nothing to suggest that Aladji will ever find himself again in the custody of ICE since he has been removed from the United States and returned to his native country of Senegal. Accordingly, the foregoing exception to the mootness doctrine is inapplicable.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                s/WILLIAM E. CASSADY
                                                                UNITED STATES MAGISTRATE JUDGE