IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KANOUTE ALADJI,              :

    Petitioner,              :

vs.                          :        CA 06-0736-CG-C

ALBERTO GONZALES, etc.,      :
et al.,
                             :
    Respondents.

## ORDER

On May 23, 2007, this court adopted the report and recommendation of the Magistrate Judge dated April 27, 2207 and entered a judgment finding petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, was due to be dismissed as moot because Kanoute Aladji had been repatriated to his native Senegal. (Docs. 16-17) Having been informed of a clerical error contained in the report and recommendation (Doc. 14), the court now corrects that mistake pursuant to Rule 60(a) of the Federal Rules of Civil Procedure by entry of this corrected order.

## FINDINGS OF FACT

1.    Aladji, a native and citizen of Senegal, entered the United States on February 8, 1992 as a B-2 non-immigrant visitor for pleasure. (*See*

Doc. 9, Exhibit B) Petitioner's sole argument, in his habeas petition filed on October 31, 2006, was that his continued custody by ICE violated the provisions of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (*See* Doc. 1, at 4-5)[1] Petitioner sought immediate release from custody and an order from this Court enjoining the respondents from any further unlawful detention of his person. (*Id*. at 6)

2.     On February 3, 1998, an Immigration Judge denied Aladji's applications for asylum and for withholding of deportation. (Doc. 9, Exhibit C) The judge, however, did grant petitioner's application for voluntary departure until March 20, 1998. (*Id.*) Aladji timely appealed the Immigration Judge's decision; on June 7, 2002, the Board of Immigration Appeals ("BIA") affirmed, without opinion, the Immigration Judge's decision. (Doc. 9, Exhibit D) "Pursuant to the Immigration Judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the alien is permitted to depart from the United States

---

[1]     In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director, and in the event of failure to depart, the alien shall be deported as provided in the Immigration Judge's order." (*Id.*)

3. On November 24, 2004, Aladji filed a motion to reconsider with the BIA; the Board denied the motion as untimely filed by *per curiam* order dated February 15, 2005. (Doc. 9, Exhibit E) Petitioner was taken into ICE custody on April 16, 2006. (Doc. 9, Exhibit B, at 2; *but cf.* Doc. 1, ¶ 6 ("Petitioner was first taken into custody on July 21, 2005[.]"))

4. Aladji was removed to Senegal on February 20, 2007, on a flight that originated from John F. Kennedy Airport in New York, New York. (Doc. 12, Declaration of Keith Cozine, at ¶ 3)

## CONCLUSIONS OF LAW

1. "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner

has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. *See id*.

    2.    As recognized by the Eleventh Circuit, "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242.

> As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact. "dismissal is required because mootness is jurisdictional."

*Id*. (internal citations omitted).

    3.    Several district courts have determined that once a § 2241 petitioner has been removed from the United States and deported to his

native country his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." *Gauchier v. Davis*, 2002 WL 975434, *2 (E.D. La. 2002); *see Xing Hai Liu v. Ashcroft*, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); *Malainak v. Immigration & Naturalization Service*, 2002 WL 220061 (N.D. Tex. 2002) (§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

    4.    This case is indistinguishable from the foregoing cases. Accordingly, this Court finds that Aladji's petition for writ of habeas corpus is now moot because there exists no active case or controversy. This Court can no longer order the federal respondents to immediately release petitioner from custody pending his removal to Senegal, in accordance with the specific request contained in the habeas corpus petition (*see* Doc. 1, at 3, 4, 5 & 6 ("Petitioner is a native and citizen of Senegal. Petitioner was first taken into custody on July 21, 2005, by The Department of Homeland Security, Bureau of Immigration Customs Enforcement and has refused to grant release on bond because petitioner is believed to be and was found removable. . . . In Zadvydas v. Davis, 533 U.S. 678 (2001) and [] Clark v.

[Martinez, 543 U.S. 371] (2005), the Supreme [C]ourt held that DHS ha[s] [a] ninety-day[] statutory removal period and [a] six month[] presumptively reasonable period during which The Department of Homeland Security (INS) may detain aliens in order to effectuate their removal. . . . Petitioner's continued detention by Respondents violates 8 U.S.C. 1231(a)(6), as interpreted by the Supreme Court in Zadvydas & [Clark]. [] Petitioner's ninety-day statutory removal period and six-month presumptively reasonable period for removal efforts both have passed. Respondents are unable to remove Petitioner to Senegal. . . . While Respondent[s] would have an interest in detaining Petitioner in order to effectuate removal[,] [t]hat interest does not justify the indefinite detention of Petitioner. . . . Petitioner prays that this court [will] . . . [g]rant Petitioner a writ of Habeas Corpus directing the Respondents to immediately release petitioner from custody.")), because Aladji has been repatriated to Senegal. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998). Dismissal of the instant petition is required since mootness is jurisdictional.[2]

---

[2] The Eleventh Circuit has recognized an exception to the mootness doctrine which the undersigned does not find applicable in the instant case.

## CONCLUSION

In light of the foregoing, the Court **ORDERS, ADJUDGES** and **DECREES** that Kanoute Aladji's petition for writ of habeas corpus relief, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as moot because petitioner has been repatriated to his native Senegal.

**DONE** this the 7th day of June, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."

*Soliman*, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original). There is nothing to suggest that Aladji will ever find himself again in the custody of ICE since he has been removed from the United States and returned to his native country of Senegal. Accordingly, the foregoing exception to the mootness doctrine is inapplicable.